UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
IN ADMIRALTY

FALCON NAVIGATION A/S,

    Plaintiff,

vs.                                                                                        CASE NO.:

WORLD FUEL SERVICES CORPORATION

    Defendant.
_____/

# COMPLAINT
Rule 9(h)

COMES NOW the Plaintiff, FALCON NAVIGATION A/S ("FALCON"), by and through its counsel, and for its Complaint against the Defendant, WORLD FUEL SERVICES CORPORATION ("WFS") alleges as follows:

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is proper under 28 United States Code § 1333 in that this matter involves a maritime claim. Alternatively, the Court has jurisdiction under 28 United States Code § 1332 in that it involves citizens of different states and the matter in controversy exceeds $75,000.00, exclusive of interest and costs. Venue is appropriate under 28 U.S.C. § 1391(b)(2) and pursuant to the forum selection clause of WFS's general terms and conditions.

2. Plaintiff FALCON was and is a foreign corporation organized and operating pursuant to the laws of a foreign country.

3. At all material times, Plaintiff FALCON was the sub-charterer of the M/V *WL Uglich*, an ocean going vessel.

4.  WFS is a Florida corporation with its principal place of business at 9800 N.W. 41st Street, Suite 400, Miami, Florida, and is in the business of brokering the supply of bunkers and marine fuels to vessels operating worldwide.

5.  On or about September 20, 2020, FALCON entered into a time charter whereby it agreed to sub-charter the M/V *WL Uglich* from its Disponent Owners, W.L. Shipping Ltd.

6.  The charter provided that FALCON was to provide and pay for all fuel.

7.  FALCON placed an order for fuel bunkers with WFS, per the attached bunker confirmation, Exhibit A hereto.

8.  On September 24, 2020, pursuant to the aforesaid fuel order, WFS, through its agent, NuStar Energy Services, Inc., delivered to the M/V *WL Uglich* 240.06 metric tons Very Low Sulphur Fuel Oil ("VLSFO") and 30.20 metric tons of Marine Gas Oil at Houston, Texas.   See NuStar delivery receipt, Exhibit B.

9.  After delivery of the fuel, samples were sent to Veritas Petroleum Services BV (VPS) for testing.   VPS issued their reports on October 3, 2020, concluding that the sample quality did not meet specifications for VLSFO.   Specifically, VPS advised that the sample exceeded specifications for aluminum and silicon, and was above legal limits for sulphur at 0.53%.   MARPOL Annex VI Regulation 14 requires that "The sulphur content of fuel oil used or carried for use on board a ship shall not exceed 0.50% m/m."

10. After receipt of the VPS test results, Disponent Owners advised FALCON of the nonconformity, and demanded the vessel be debunkered, and the VLSFO be replaced.

11. FALCON advised WFS of the claim, and requested testing of the

supplier's Barge Samples, to verify whether the VLSFO was non-conforming. WFS refused to allow said testing.

12. In the face of continued demand by Disponent Owners, Falcon filed its formal claim with WFS on October 12, 2020, and demanded testing as required by the WFS Terms & Conditions. See Exhibit C.

13. Despite its contractual obligation to do so, WFS refused to permit testing of the Barge Samples.

14. On October 19, 2020, FALCON redelivered the vessel to Disponent Owners at Vila do Conde, Brazil. Prior to redelivery, samples of the VLSFO were collected from the vessel and again tested, this time by Intertek in Santos, Brazil. As with the VPS testing, sulphur was again found to be in excess of that permitted by MARPOL Annex VI Regulation 14, at 0.5597%.

15. FALCON reported these new results to WFS, and again requested access to the Barge Samples. See Exhibit D. Moreover, WFS continued its refusal to allow such testing.

16. On or around October 24-25, 2020, Disponent Owners arranged for the debunkering of the non-complying VLSFO at Vila do Conde.

17. As a result of the foregoing, the Disponent Owners presented a claim to FALCON and in turn instituted arbitration proceedings at London, England against FALCON for the out-of-specification fuel supplied by Defendants, seeking costs of replacement bunkers, costs of debunkering, and other losses.

## COUNT I
## BREACH OF CONTRACT

Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 17, as if fully set forth, and further states:

18. WFS is liable to FALCON for breach of contract for failure to supply sound bunkers fit for their intended use or for their ordinary use, and outside of the specifications of the contract.

19. WFS further breached their contract with FALCON by delivery of bunkers that did not meet specification for VLSFO under IMO 2020, and did not comply with requirements of MARPOL Annex VI regulation 14.

20. WFS further breached their contract with FALCON by refusing and failing to permit testing of Barge Samples, as required by WFS Terms & Conditions.

21. WFS materially breached the contract by delivering the off-specification bunkers, causing FALCON damage and loss.

22. Defendant's breach of the contract caused damage to FALCON, including the costs of litigation and arbitration, and rendered FALCON potentially liable for the amounts sought by Disponent Owner for damages, as set forth more particularly herein.

WHEREFORE, FALCON demands judgment for damages against Defendant, and other relief the Court deems proper and just.

## COUNT II
## BREACH OF EXPRESS WARRANTY

Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 17, and further states:

23. WFS warranted to FALCON that it would provide fuel that was compliant with ISO and MARPOL requirements and the requirements of FALCON, and breached that warranty by supplying off-specification bunkers.

24. The provision of off-specification bunkers to FALCON by WFS was caused by their breaches in the following non-exclusive particulars:

   a) Failure to properly determine the condition of the bunkers prior to delivery;

   b) Improper blending and/or contamination of the bunkers; and

   c) Failure to deliver fuel compliant with ISO and/or MARPOL standards, and legal for use on the M/V *WL Uglich*.

25. The foregoing breach of warranty caused damage to FALCON, including the costs of litigation and arbitration, and rendered FALCON potentially liable for the amounts sought by Disponent Owner for damages, as set forth more particularly herein.

WHEREFORE, FALCON demands judgment for damages against Defendants, and other relief the Court deems proper and just.

## COUNT III
## INDEMNITY

Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 17, and further states:

26. That as a result of the delivery of the off-spec bunkers, Disponent Owner instituted arbitration proceedings in London against FALCON seeking damages arising from the supply of off-spec bunkers.

27. That as a result of those arbitration proceedings, FALCON is potentially

liable for the amounts sought by Disponent for damages, in an amount in excess of USD $500,000.00.

28. Any amounts that FALCON is compelled to pay in the arbitration referenced herein, whether by settlement or arbitration award, will be solely because of the damages occasioned by the provision of off-spec bunkers by WFS, and not by any fault or neglect of FALCON, and FALCON is therefore entitled to be indemnified by WFS for damages, including attorney's fees.

## COUNT IV
## CONTRIBUTION

Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 17, and further states:

29. That as a result of the delivery of the off-spec bunkers, Disponent Owners instituted arbitration proceedings in London against FALCON seeking damages arising from those off-spec bunkers.

30. That as a result of the arbitration proceeding, FALCON is potentially liable for the amounts sought by Disponent Owner for damages, in an amount in excess of USD $350,000.00.

31. Any amounts that Plaintiff is compelled to pay in the arbitration referenced herein, whether by settlement or arbitration award, will be because of the damages occasioned by the provision of off-spec bunkers by WFS, and FALCON is therefore entitled to contribution from WFS.

**WHEREFORE**, as to all of the foregoing, Plaintiff prays:

A. That this Complaint for Damages be deemed good and sufficient;

B. That process is due form of law according to the rules and practices of this Honorable Court issue against Defendant WORLD FUEL SERVICES CORPORATION, citing them to appear and answer all and singular the matters aforesaid;

C. To stay the instant proceedings pending arbitration and the outcome of proceedings in London;

D. That after due proceedings be had, a judgment be entered in favor of Plaintiff, FALCON NAVIGATION A/S, and against the Defendant for the amount of Plaintiff's damages and attorney's fees as will be proven at trial, together with interest and costs.

E. That Plaintiff, FALCON NAVIGATION A/S, be granted such other and additional legal or equitable relief and remedy to which it is entitled or which this Court deems appropriate.

Dated: March 23, 2021.

**HORR, NOVAK & SKIPP, P.A.**
Two Datran Center, Suite 1700
9130 South Dadeland Boulevard
Miami, FL   33156
Telephone: (305) 670-2525
Facsimile: (305) 670-2526
E-Mail Address:
wboeringer@admiral-law.com
mailto:service@admiral-law.com
  /s/ *William R. Boeringer*
**WILLIAM R. BOERINGER**
Florida Bar No.: 347191